Randy R. Haj, Bar No. 288913
rrh@paynefears.com
**PAYNE & FEARS LLP**
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

-and-

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.com
John W. Stevens (*pro hac vice* to be filed)
jws@iplawgroup.com
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BTL INDUSTRIES, INC., <br><br> Plaintiff, <br> v. <br><br> BEAUTY WORKS OC LLC, d/b/a NEWPORT PEACHES INC.; SNEZHANA KURKINA <br><br> Defendants. | CASE NO. 8:23-cv-00654 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff BTL Industries, Inc. ("BTL") files this Complaint for patent infringement, trademark infringement, and unfair competition against Beauty Works OC, now doing business as Newport Peaches, Inc. ("Newport Peaches"), Snezhana "Ana" Kurkina, and alleges as follows:

## PARTIES

1. BTL is a Delaware corporation with a principal place of business at 362 Elm Street, Marlborough, Massachusetts 01752.

2. On information and belief, Newport Peaches is a California corporation with a registered mailing address 28281 Crown Valley Parkway, Suite 250, Laguna Niguel, California 92677.

3. On information and belief, Ms. Kurkina is the Chief Executive Officer, Chief Financial Officer, Secretary, and registered agent of Newport Peaches.

## JURISDICTION AND VENUE

4. Subject-matter jurisdiction over BTL's claims arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051, 1121 exists pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)-(b).

5. Subject-matter jurisdiction for the trademark and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §1331 and 1338.

6. This Court has personal jurisdiction over Newport Peaches and Ms. Kurkina because they or their employees have committed acts of patent infringement under 35 U.S.C. § 271(a), (b), or (c) in this District, and are subject to this Court's jurisdiction under 28 U.S.C. §1400(a).

7. This Court has personal jurisdiction over defendant Newport Peaches because it is a California corporation and has its principal place of business is in this District.

8. This Court has personal jurisdiction over defendant Snezhana "Ana" Kurkina because Ms. Kurkina is the Chief Executive Officer, Chief Financial Officer, Secretary, and registered agent.

9. Further, the acts complained of herein occurred in this District, and, on information and belief, Ms. Kurkina is the active agent behind the acts committed by Newport Peaches.

10. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because:

(a) Defendants have purposefully established "minimum contacts" with the State of California and this District; and

(b) the exercise of personal jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

11. Therefore, this Court has specific and general jurisdiction over Defendants.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400 at least because Newport Peaches is a California corporation and has its principle place of business in this District, because Ms. Kurkina is the active agent behind the actions of Newport Peaches, and because both Newport Peaches and Ms. Kurkina are subject to personal jurisdiction in this District.

## BACKGROUND

13. BTL specializes in the innovation, development, and sale of equipment and treatments for the aesthetics industry in the United States. BTL and its affiliates developed proprietary technology that uses high-intensity electromagnetic stimulation to tone and strengthen muscles in targeted areas. BTL applied its

technology to develop a series of new and innovative FDA-cleared devices and developed protocols for using the technology for aesthetic therapies. As described above, BTL denotes its products and services that feature this technology with its HIFEM brand and other trademarks.

14. The first such device that BTL developed was the EMSCULPT device (shown below), a standalone, non-invasive, FDA-cleared aesthetic body-contouring device. *See* **Exhibit 1**, attached hereto (BTL March 2019 Press Release).

15. BTL's EMSCULPT device created a new market in which it quickly became the innovative industry leader. Before BTL launched the EMSCULPT device in 2018, no other product used high-intensity, focused electromagnetic technology to tone and firm muscle for non-invasive aesthetic body contouring.

16. The aesthetic industry has recognized BTL's innovation, hailing it as having taken "the aesthetics industry by storm"; praising BTL as being the first to apply high-intensity, focused electromagnetic energy technology for aesthetics; and lauding the EMSCULPT device as having "transformed treatment protocols." **Exhibit 2**, attached hereto (BTL 2019 Press Release).

17. BTL's EMSCULPT NEO device is FDA-cleared and uses high-intensity electromagnetic energy to induce powerful muscle contractions—unachievable through typical voluntary contractions—to contour an individual's physique. The EMSCULPT NEO device is currently cleared by the FDA as a non-invasive treatment for the abdomen, buttocks, arms, calves, and thighs. BTL markets and distributes its EMSCULPT NEO device to healthcare professionals and licenses these professionals to provide treatment services using the device.

18. The EMSCULPT NEO device has been a breakthrough development in the aesthetics industry, receiving plaudits from some of the industry's largest companies. For example, the EMSCULPT NEO device won Dermascope.com's Aesthetician's Choice Award in 2022 and Glamour magazine described the device as "revolutionary." **Exhibit 3.**

### A. The Asserted Patent

19. On November 19, 2019, the United States Patent and Trademark Office (USPTO) duly and lawfully issued U.S. patent No. 10,478,634 ("the '634 patent"), entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field." A true and correct copy of the '634 patent is attached to this Complaint as **Exhibit 4**, attached hereto. The '634 patent was exclusively licensed to BTL, and BTL possesses the exclusive right of recovery for any past, present, or future infringement of the '634 patent, including equitable relief and damages.

### B. BTL's Trademarks

20. BTL uses and licenses registered and unregistered trademarks and trade dress to market its aesthetic equipment and treatments in the United States, including the following federally registered marks, including trademarks for EM, EMSCULPT, and EMSCULPT NEO (collectively the "BTL Trademarks"):

(a) Registration No. 5,572,801 for EMSCULPT in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat;"

(b) Registration No. 6,069,279 for EMSCULPT in Class 44 for, among other services, "medical services;"

(c) Registration No. 6,373,947 for EMSCULPT NEO in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat" and in Class 44 for, among other services, "medical services;"

(d) Registration No. 6,206,098 for stylized EM in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services;"

(e)     Registration No. 5,915,636 for EM in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services."

21.     BTL has continuously and exclusively used the BTL Trademarks and has never abandoned them. The BTL Trademarks are validly registered in the United States and are in full force and effect. True and correct status copies of the trademark registrations for each of the trademarks in the table above, obtained from the Trademark Status Document Retrieval ("TSDR") database of the United States Patent and Trademark Office, are attached to this Complaint as **Exhibit 5**, attached hereto. These registrations constitute prima facie evidence of validity of the BTL Trademarks and BTL's exclusive right to use the BTL Trademarks under 15 U.S.C. § 1057(b).

22.     The BTL Trademarks therefore perform an important source-identifying function for BTL's aesthetic body-countering devices like the EMSCULPT and associated treatment services. The BTL Trademarks signify to purchasers that the body-contouring devices come from BTL, and the body-contouring services are rendered by BTL's devices and administered by BTL-trained and BTL-authorized service providers. The market reputation and consumer goodwill associated with the BTL Trademarks are of significant value to BTL.

## NATURE OF THIS ACTION

23.     This is a civil action brought by BTL arising out of the Defendants' past and present patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; past trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and common law trademark infringement and unfair competition.

24. Upon information and belief, the Defendants have since at least December 2021 advertised services using a device they called EM SCULPT NEO and EMSCULPT NEO, alternatively, using the term EMSCULPT and EMS SCULPTING as part of its advertising. Upon information and belief, the Defendants' activity is ongoing, despite attorneys for BTL informing the Defendants that their activities violate BTL's rights on at least five occasions. On December 22, 2021, attorneys for BTL sent by email and Federal Express an initial Notice Letter apprising Defendants of their infringing conduct. On January 10, 2022, February 7, 2022, and February 27, 2022, follow-up emails were sent following no response from Defendants. On August 12, 2022, a demand letter was sent via email and Federal Express detailing Defendants' willful and malicious infringement and notifying Defendants of their unauthorized use of copyrighted images. On March 24, 2023, a final demand letter was sent via email and certified mail. Defendants did not respond to any of the aforementioned letters or emails. *see* **Exhibit 6** attached hereto (letters and email correspondences sent to Defendant by BTL's attorneys).

25. Upon information and belief, on September 8, 2022, Newport Peaches, Inc. filed its articles of incorporation with the state of California listing Snezhana Kurkina as the agent and Lovette Dobson as the incorporator. **Exhibit 7** attached hereto (State of California Articles of Incorporation filing). Upon information and belief, Lovette Dobson is an alias commonly used by individuals filing multiple articles of incorporation. On November 30, 2022, Newport Peaches, Inc. filed a Statement of Information Corporation which listed Ana Kurkina as the Officer/Director. **Exhibit 8** attached hereto (State of California Statement of Information Corporation filing). Upon information and belief, Ana Kurkina is the nickname of Snezhana Kurkina. Upon information and belief, Ms. Kurkina re-organized Beauty Works OC into Newport Peaches in an attempt to evade BTL's attorneys and continue infringing BTL's intellectual property further demonstrating

the willful and malicious intent of Defendants in carrying out the infringing activities.

26. The images below are representative examples the Defendants' infringing conduct:





27. The Defendants' use of EMSCULPT NEO, EM SCULPT NEO, EMSCULPT and EMS SCULPTING are without BTL's authorization.

28. Upon information and belief, the EMSCULPT NEO devices the Defendants advertise ("Counterfeit Devices") is not an authentic BTL EMSCULPT NEO device yet is similarly advertised for toning muscles in a patient. Upon information and belief, the Defendants' Counterfeit Devices uses time-varying magnetic fields that are applied to a patient's skin and held there using a flexible belt attached to an applicator that includes a magnetic field generating coil. Upon information and belief, the magnetic field generating coil generates a time-varying field magnetic field and the device applies a magnetic flux of 50 T cm$^2$ to 1,500 T cm$^2$ and causes muscle contraction.

29. Upon information and belief, Defendant Snezhana Kurkina is the active agent behind the activities of Newport Peaches, Inc.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,478,634

30. BTL repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

31. The '634 patent is directed towards a method for toning muscles in a patient using time-varying magnetic fields. Claim 1 of the patent recites:

> A method for toning muscles in a patient using time-varying magnetic fields, the method comprising:
>
> placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock;
>
> coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing;
>
> providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field; and
>
> applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region,

wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region.

32. For the reasons stated in paragraphs 24-28, the use of Defendants' Counterfeit Devices meet each and every limitation of at least claim 1 of the '634 patent.

33. Defendants have directly infringed and continue to directly infringe at least claim 1 of the '634 patent, literally or under the doctrine of equivalents, by directing and controlling performance of the claimed method with their Counterfeit Devices.

34. Defendants have induced infringement and continue to induce direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the '634 patent by using, and otherwise controlling, e.g., encouraging, promoting, and instructing their customers' use of the Counterfeit Devices in the United States in a manner that directly infringes the '634 patent.

35. Defendants' infringement of the '634 patent has been, and continues to be, willful and malicious. On information and belief, Defendants have been aware of the '634 patent since before the filing of this Complaint and have infringed the '634 patent willfully, deliberately, and maliciously and with knowledge that such conduct violates 35 U.S.C. § 271.

**COUNT II: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

36. BTL repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

37. By using EMSCULPT, EMSCULPT NEO, EM SCULPT NEO, and EMS SCULPTING, Defendants are creating confusion among the consuming public as to the source, origin, sponsorship, and/or affiliation of the Defendants' Counterfeit Devices and services with BTL.

38. Defendants' conduct relating to the BTL Trademarks is without authorization.

39. Defendants are thus in violation of 15 U.S.C. § 1114 regarding the BTL Trademarks and 15 U.S.C. § 1125(a) regarding the use of EMSCULPT, EMSCULPT NEO, EM SCULPT NEO, and EMS SCULPTING or other confusingly similar terms.

40. As the Chief Executive Officer, Chief Financial Officer, Secretary, and registered agent of Newport Peaches, Defendant Snezhana Kurkina is the active agent behind the actions of Newport Peaches.

41. The Defendants' actions have caused BTL irreparable harm for which BTL is entitled to a permanent injunction under 15 U.S.C. § 1116.

42. Such acts further cause harm to BTL for which BTL is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

43. Because Defendants' conduct is willful, malicious, and exceptional, BTL is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

## COUNT III: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125

44. BTL repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

45. Defendants have no right to use the BTL Trademarks in connection with their goods and/or services, yet the Defendants have passed off their goods and/or services to the public as if they were BTL's goods.

46. Defendants have falsely held themselves out to customers and potential customers as being connected with BTL.

47. Defendants have acted with intent to confuse or deceive the public as to the source and origin of their goods and services.

48. The public has in fact been confused or deceived by the source and origin of Defendants' goods and services.

49. As the Chief Executive Officer, Chief Financial Officer, Secretary, and registered agent of Newport Peaches, Defendant Snezhana Kurkina is the active agent behind the conduct of Newport Peaches.

50. The Defendant's unlawful conduct constitutes unfair competition under 15 U.S.C. § 1125.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

51. BTL repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

52. Defendants have without authorization, intentionally, willfully, and maliciously used the BTL Trademarks, confusingly similar variations of these trademarks, and research findings from the BTL Studies to promote, market, offer for sale, and sell their goods and services.

53. Defendants' actions have caused and are likely to cause consumer confusion for reasons stated paragraphs 24-28.

54. Defendants' actions have caused and will continue to cause BTL to sustain actual damages and lost profits in this District.

55. BTL has no adequate remedy at law and will continue to suffer irreparable harm unless the Defendants are enjoined.

56. Because of Defendants' unlawful conduct as alleged above, BTL has been substantially injured and is entitled to damages and profits attributable to the unlawful conduct, which are presently indeterminate, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE BTL requests entry of judgment against the Defendants as follows:

A. A judgment that the Defendants has infringed one or more claims of the

U.S. Patent No. 10,478,634 in violation of 35 U.S.C. § 271(a)-(b);

  B. An award of damages for infringement of the '634 patent, with said damages to be trebled because of the intentional, willful, and malicious nature of the Defendants' infringement, as provided by 35 U.S.C. § 284;

  C. A judgment that the Defendants have willfully and maliciously infringed one or more claims of the '634 patent;

  D. A determination that this case is "exceptional" under 35 U.S. § 285 and an award of BTL's reasonable attorneys' fees;

  E. An order permanently enjoining the Defendants, its officers, directors, employees, agents, and all persons acting in concert with them, from infringing the '634 patent;

  F. A judgment that the Defendant have violated the Lanham Act, 15 U.S.C. § 1114, by committing acts of trademark infringement;

  G. A judgment that Defendants' use of the EMSCULPT mark, as alleged in the Complaint, infringes BTL's EMSCULPT trademark;

  H. A judgment that Defendants' use of the EMSCULPT NEO mark, as alleged in this Complaint, infringes BTL's EMSCULPT NEO trademark;

  I. A judgment that the EMS SCULPTING mark is confusingly similar to BTL's EMSCULPT trademarks and that Defendants' use of that mark, as alleged in this Complaint, infringe BTL's EMSCULPT trademarks;

  J. A judgment that the EMS SCULPTING mark is confusingly similar to BTL's EM trademark and that Defendants' use of that mark, as alleged in this Complaint, infringe BTL's EM trademark;

  K. A judgment that Defendant Snezhana Kurkina's conduct in violating BTL's Trademarks was willful and malicious.

  L. A judgment that the Defendants have violated the Lanh Act, 15 U.S.C. § 1125(a), by committing acts of federal unfair competition, false designation of origin, and false advertising;

M.  An award of damages for the Defendants' infringement of the BTL trademarks, including the Defendants' profits, any damages sustained by BTL, and the costs of the action as provided by 15 U.S.C. § 1117(a), with said damages to be trebled because of the intentional, willful, and malicious nature of the Defendants' infringement, as provided by 15 U.S.C. § 1117(b);

N.  A judgment that this case is "exceptional" under 15 U.S.C. § 1117(a) and an award of reasonable attorneys' fees;

O.  An award of damages against the Defendants as a result of its wrongful acts against BTL in an amount to be proved at trial;

P.  An award of any and all of the Defendant's profits arising from the foregoing acts;

Q.  An award of pre-and post-judgment interest of any monetary damages at the highest rate allowed by law;

R.  Permanent injunctive relief enjoining the Defendants from:
  i.  using the BTL Trademarks or any confusingly similar marks, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any good or service that is not a good or service offered by a genuine BTL product, or is not authorized by BTL to be offered in connection with the BTL trademarks;
  ii.  passing off, inducing, or enabling others to sell or pass off any good or service as a good or service offered by a genuine BTL product, or any other good or service offered by BTL, that is not BTL's or not offered under the authorization, control, or supervision of BTL and approved by BTL for sale under the BTL Trademarks;
  iii.  committing any acts calculated to cause consumers to believe that the Defendants' goods or services are those sold under the

          authorization, control or supervision of BTL, or are sponsored by, approved by, or otherwise connected with BTL; and

      iv.    further infringing BTL's Trademarks and damaging BTL's goodwill.

S.    An award of BTL's costs and expenses in this action; and

T.    For such other relief as the Court may deem just and proper.

DATED: April 14, 2023        PAYNE & FEARS LLP

          *Randy R. Haj*
Randy R. Haj, Bar No. 288913
rrh@paynefears.com
**PAYNE & FEARS LLP**
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

- and –

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.com
John W. Stevens (*pro hac vice* to be filed)
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff BTL Industries, Inc. respectfully demands a trial by jury of any issues triable of right by a jury.

DATED: April 14, 2023

PAYNE & FEARS LLP

*Randy R. Haj*
Randy R. Haj, Bar No. 288913
rrh@paynefears.com
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

- and –

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.com
John W. Stevens (*pro hac vice* to be filed)
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

4868-1081-9165.1