Randy R. Haj, Bar No. 288913
rrh@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

and

Seth R. Ogden (*pro hac vice*)
sro@iplawgroup.com
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BTL INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEAUTY WORKS OC LLC, d/b/a NEWPORT PEACHES INC.; SNEZHANA KURKINA <br><br> Defendants. | CASE NO. 8:23-cv-00654-JDS-JDV <br> Hon. James V. Selna <br><br> **PLAINTIFF BTL INDUSTRIES, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS; POINTS AND AUTHORITIES IN SUPPORT** <br><br> *[FILED CONCURRENTLY WITH THE DECLARATION OF RANDY R. HAJ IN SUPPORT; [PROPOSED]* |

*ORDER]*

DATE: N/A
TIME: N/A
LOCATION: N/A

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. Pacific Coast Hwy., Ste. 825
El Segundo, CA 90245
(310) 689-1750

Plaintiff BTL Industries, Inc. will and hereby does apply pursuant to C.D. L.R. 79-5.2.2 (a) and (b) for leave to file under seal documents submitted in support of its motion for a default judgment against Defendants Beauty Works OC LLC; Newport Peaches, Inc.; and Snezhana Kurkina.

**Introduction**

Pursuant to C.D. L.R. 79-5.2.2 (a) and (b), Plaintiff BTL Industries, Inc. requests leave to file under seal documents submitted in support of its motion for a default judgment against Defendants. As explained below, the subject portions of a declaration and the memorandum in support of the motion contain confidential financial information and closely guarded internal metrics concerning the average selling price of Plaintiff's EMSCULPT NEO® aesthetic medical device, the internal cost of that device to the company, and the amount spent marketing the device and overall marketing strategy—all paradigm examples of trade secrets and confidential business information. Protecting trade secret information is a recognized basis for sealing records under both applicable statutory law and Federal Rule of Civil Procedure 26(e). BTL's interest in maintaining the confidentiality of this information meets the "compelling need" standard for sealing records because it will suffer competitive harm and the loss of trade secrets if this information is released into the public record. Defendants chose to ignore the Complaint and are now in default, so no party opposes sealing these records.

As demonstrated below, BTL has met each requirement to file documents under seal pursuant to C.D. L.R. 79-5.2.2 (a) and (b), and a compelling need exists to seal the trade secret information that is necessary for the Court's consideration of Plaintiff's motion for default judgment.

**Records BTL Requests to File Under Seal**

BTL has narrowly tailored its request to seal to only the portions of the brief and one supporting declaration that reveal its confidential trade secret information or sensitive financial information (the "Confidential Information"):

| Ex. No. | Document | Portions to be Sealed | Designating Party |
|---|---|---|---|
| 1 | Plaintiff's Memorandum of Points and Authorities in Support of BTL Industries, Inc's Motion for Entry of Default Judgment and Permanent Injunction Against Defendants | Highlighted portions | Plaintiff |
| 2 | Declaration of Jason Wooden | Paragraphs 8 and 10 | Plaintiff |

Concurrently with this application BTL submits public, redacted versions of its Memorandum of Points and Authorities in Support of its Motion for Entry of a Default Judgment and the Wooden Declaration in support of that motion.

**Legal Standard**

Materials filed in connection with a dispositive motion for default judgment may be sealed if there are "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records[.]" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). A paradigm example of a

compelling reason is when the records would be "use[d] to… release trade secrets." *Id.*, *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* 18 U.S.C. § 1835(a) ("[T]he court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets[.]"); FED. R. CIV. P. 26(c)(1)(G) (authorizing a court to enter a protective order "requiring that a trade secret or other confidential… commercial information not be revealed or be revealed only in a specified way[.]"). Courts also seal information where releasing it would cause competitive harm to a party. *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, No. 19-cv-08098-LHK, 2020 WL 8669859, *3 (Nov. 6, 2020) ("the competitive harm that would result from the disclosure of Plaintiff's pricing and contracts with third parties is a compelling reason that outweighs the general history of access and the public policies favoring disclosure.")

### There are Compelling Reasons to Seal BTL's Trade Secret Information That Outweighs Any Right to Public Access – C.D. L.R. 79-5.2.2(a)

Pursuant to Central District of California Civil Local Rule 79-5.2.2(a), this Application must: (1) describe the nature of the information to be sealed; (2) provide a declaration establishing good cause and informing the Court whether anyone opposes the Application; (3) include a narrowly tailored proposed order; (4) include redacted versions of the documents; and (5) include unredacted versions of the documents. BTL's application meets each requirement.

As detailed in the concurrently filed declaration of Randy R. Haj, the information subject to this application consists of (1) BTL's confidential average selling price for its EMSCULPT NEO® device; (2) BTL's confidential internal cost for the EMSCULPT NEO® device; and (3) information about BTL's spending on

marketing and overall marketing strategy.  (Haj Decl. ¶ 3.)  BTL also submits concurrently with this application a narrowly tailored proposed order and has lodged unredacted versions of the documents.

There are compelling reasons to seal the Confidential Information.  BTL operates in the highly competitive market for aesthetic medical devices.  In that market, the prices paid by different buyers can vary based on a number of factors, including geography, a prior relationship with BTL, sales goals, etc.  Disclosure of the average selling price would harm BTL by revealing BTL's pricing to its competitors, thereby disclosing its pricing strategy.  Courts routinely find this type of pricing information confidential.  *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "information discussing Safeway's pricing strategy, business decisionmaking, and financial records"); *DiscoverOrg Data*, 2020 WL 8669859 at *3  ("the competitive harm that would result from the disclosure of Plaintiff's pricing and contracts with third parties is a compelling reason that outweighs the general history of access and the public policies favoring disclosure.")  Similarly, disclosure of BTL's internal cost for each EMSCULPT NEO® device would harm BTL by revealing the company's internal cost of production and margins.  Competitors could use this information to undercut BTL's pricing model and unfairly compete against BTL.  *See also Nutrition Distrib. LLC v. Chaos & Pain, LLC*, No. 16-cv-1932 W (JMA), 2018 WL 1744568, *3 (S.D. Cal. April 10, 2018) (sealing "financial records" relevant to motion for default judgment).  Finally, BTL's spending on marketing is part of the company's overall business strategy that a competitor could—and likely would—use to compete against the company.  *See In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons to seal pricing terms where disclosure of the information might "harm a litigant's competitive standing."); *Rodman*, 2014 WL 12787874, at *2 (sealing information about "business

decisionmaking").

BTL maintains the confidentiality of its average selling price, internal cost of the EMSCULPT NEO®, and marketing spending by not disclosing them to outside parties or internally at BTL, except as necessary to run BTL's business, and derives independent economic value from this information not being generally known. (Haj Decl. ¶ 5.) The portions of BTL's memorandum in support of default judgment and the Wooden Declaration requested to be sealed directly reveal this information and should be sealed. (*Id.*)

BTL respectfully submits that the public has no countervailing interest in reviewing the Confidential Information. BTL's narrowly tailored sealing will allow the public the full right to understand the proceedings before this Court. As the Confidential Information relates primarily to BTL's damages from Defendants' trademark infringement, patent infringement, and unfair competition, the public will understand generally how damages were calculated through unsealed portions of the motion, just not the specific dollars amount going into the damages calculation. Courts routinely find that protecting trade secret and confidential business information outweighs the public's interest in access to court records. *See EEOC v. Erection Co., Inc.*, 900 F. 2d 168, 170 (9th Cir. 1990); *In re Electronic Arts*, 298 Fed. Appx. at 569. This case is no different.

**Conclusion**

For all the foregoing reasons, BTL respectfully submits that compelling reasons exist to seal the Confidential Information.

Respectfully submitted,

DATED: August 23, 2023

*Randy R. Haj*
Randy R. Haj, Bar No. 288913
rrh@paynefears.com
**PAYNE & FEARS LLP**
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

- and –

Seth R. Ogden (*pro hac vice*)
sro@iplawgroup.com
PATTERSON INTELLECTUAL
PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 200 N. Pacific Coast Highway, Suite 825, El Segundo, CA 90245.

On August 23, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF BTL INDUSTRIES, INC.'S
APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS;
POINTS AND AUTHORITIES IN SUPPORT**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 23, 2023, at El Segundo, California.

/s/ *Diana Villegas*
Diana Villegas

**SERVICE LIST**

Beauty Works
Legalinc Registered Agents, Inc.,
Registered Agent
4 Embarcadero Ctr., Suite 1400 #85
San Francisco, CA  94111

Newport Peaches
28281 Crown Valley Pkwy, Suite 250
Laguna Niguel, CA  92677

Snezhana Kurkina
28281 Crown Valley Pkwy, Suite 250
Laguna Niguel, CA  92677

4894-8723-6986.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. Pacific Coast Hwy., Ste. 825
El Segundo, CA 90245
(310) 689-1750

NOTICE OF DEFAULT BY PEACHES NEWPORT INC., AND APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT