# EXHIBIT 1

Randy R. Haj, Bar No. 288913
rrh@paynefears.com
**PAYNE & FEARS LLP**
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755
-and-
Seth R. Ogden (*pro hac vice*)
sro@iplawgroup.com
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221
Attorneys for Plaintiff
BTL Industries, Inc.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BTL INDUSTRIES, INC.,

Plaintiff,

v.

BEAUTY WORKS OC LLC; NEWPORT PEACHES INC.; SNEZHANA KURKINA; AND DOES 1-10, INCLUSIVE,

Defendants.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

CASE NO. 8:23-cv-00654-JVS-JDE
Hon. James V. Selna

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BTL INDUSTRIES, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST BEAUTY WORKS OC LLC; NEWPORT PEACHES INC.; SNEZHANA KURKINA; AND DOES 1-10, INCLUSIVE**



DATE: SEPTEMBER 25, 2023
TIME: 1:30 P.M.
LOCATION: 411 W. 4TH STREET
Santa, ANA, 92704

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

## Table of Contents

Page

I. Factual and Procedural Background ..... 2

A. BTL is a pioneer in the aesthetics industry. ..... 2

B. Beauty Works uses counterfeit versions of BTL's products to advertise services by improperly using BTL's trademarks. ..... 4

C. Procedural Background ..... 7

II. Default Judgment Standard ..... 8

III. Argument ..... 9

A. BTL Will Be Prejudiced if Default Judgment is Not Entered. ..... 9

B. BTL's claims are meritorious, and the FAC is sufficiently pleaded. ..... 10

1. There exists a valid and enforceable patent infringement claim under 35 U.S.C. § 271. ..... 10

2. There exist valid and enforceable trademark infringement claims under 15 U.S.C. § 1114 and California common law. ..... 11

3. There exist valid and enforceable federal unfair competition, false designation of origin claims under 15 U.S.C. § 1125, and common law unfair competition. ..... 15

4. There exists a valid and enforceable false advertising claim under the Lanham Act. ..... 16

C. The amount of money at stake. ..... 17

D. Possible dispute concerning material facts. ..... 17

E. Whether default was due to excusable neglect. ..... 18

F. Policy for deciding on the merits. ..... 18

IV. BTL is entitled to injunctive and monetary relief. ..... 18

A. BTL is entitled to injunctive relief. ........ 19

1. BTL has suffered irreparable injury. ........ 19

2. There is no adequate remedy at law. ........ 21

3. The balance of hardships favors BTL. ........ 21

4. The public interest would be served by a permanent injunction ........ 22

B. BTL is entitled to actual damages under the Lanham Act with such damages trebled for Beauty Works's willful use of a counterfeit mark ........ 23

C. BTL is entitled to an award of lost profits as compensation for Beauty Works's patent infringement. ........ 25

V. Conclusion ........ 27

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Accuride Int'l Inc. v. Accuride Corp.*, 871 F.2d 1531 (9th Cir. 1989) ... 11

*Adalbe v. Adalbe*, 616 F.2d 1089 (9th Cir. 1980) ... 8

*AK Futures LLC v. Boyd St. Distro, LLC*, 35 F.4th 682 (9th Cir. 2022) ... 20

*Avus Holdings, LLC v. Iron Lab*, No. 6:22-CV-00134-ADA, 2022 WL 4099748 (W.D. Tex. Sept. 7, 2022) ... 26

*BTL Indus., Inc. v. Techno Esthetics Inc.*, No. 21-61758-CIV-DIMITROULEAS, 2022 WL 1441990 (S.D. Fla. May 6, 2022) ... 24

*Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824 (9th Cir. 1997) ... 22

*Celsis in Vitro, Inc. v. Cellzdirect, Inc.*, 664 F.3d 922 (Fed. Cir. 2012) ... 20

*In re Century 21-RE/MAX Real Estate Advertising Claims Litigation*, 882 F.Supp. 915 (C.D. Cal. 1994) ... 16

*Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 5199434 (N.D. Cal. Aug. 17, 2020) ... 22

*Credit One Corp. v. Credit One Financial, Inc.*, 661 F.Supp.2d 1134 (C.D. Cal. 2009) ... 11

*Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336 (Fed. Cir. 2013) ... 21, 22

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) ... 19

*eBay, Inc. v. Bidder's Edge, Inc.*,
100 F.Supp.2d 1058 (N.D. Cal. 2000)....................21

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986)....................8, 9

*Garden City Boxing Club, Inc. v. Aranda*,
384 F. App'x 688 (9th Cir. June 21, 2010)....................9

*Geddes v. United Fin. Grp.*,
559 F.2d 557 (9th Cir. 1970)....................9

*H-D U.S.A., LLC v. Affliction Holdings, LLC*,
No. 2200CV01642VAPMRWX, 2020 WL 5913850 (C.D. Cal. June 8, 2020)....................12, 14

*i4i Ltd. P'ship v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010)....................20

*Jackson v. Sturkie*,
255 F.Supp.2d 1096 (N.D. Cal. 2003)....................21

*Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham*,
960 F.2d 294 (2nd Cir. 1995)....................16

*PepsiCo, Inc. v. Cal. Security Cans*,
238 F.Supp.2d 1172 (C.D. Cal. 2002)....................10, 17, 18

*U.S. v. Petrosian*,
126 F.3d 1232 (9th Cir. 1997)....................12

*Philip Morris USA, Inc. v. Castworld Products, Inc.*,
219 F.R.D. 494 (C.D. Cal. 2003)....................9

*Phillip Morris USA Inc. v. Shalabi*,
352 F.Supp.2d 1067 (C.D. Cal. 2004)....................11, 14

*Presidio Components, Inc. v. Am. Technical Ceramics Corp.*,
702 F.3d 1351 (Fed. Cir. 2012)....................20

*Prima Tek II, LLC v. A Roo Co.*,
222 F.3d 1372 (Fed. Cir. 2000)....................10

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

*Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597 (9th Cir. 1991) .......... 19

*Scripto-Tokai Corp. v. Gillette Co.*, 788 F.Supp. 439 (C.D. Cal. 1992) .......... 25

*Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F.Supp.3d 755 (C.D. Cal. 2015) .......... 15

*Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658 (S.D. Cal. 1997) .......... 23

*TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915 (9th Cir. 1987) .......... 9, 17

*TrafficSchool.com, Inc. v. Edriver, Inc.*, 633 F.Supp.2d 1063 (C.D. Cal. 2008) .......... 17

*Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159 (Fed. Cir. 2014) .......... 22

*United Specialty Ins. Co. v. Boulis*, No. EDCV161291JGBMRWX, 2017 WL 11636159 (C.D. Cal. May 12, 2017) .......... 18, 19

**Statutes**

15 U.S.C. § 1057(b) .......... 11

15 U.S.C. § 1114 .......... 7, 11, 15

15 U.S.C. § 1114(1)(a) .......... 12

15 U.S.C. § 1116(a) .......... 19, 20

15 U.S.C. § 1117(a) .......... 23, 24

15 U.S.C. § 1117(b) .......... 23, 24, 25

15 U.S.C. § 1125 .......... 7, 15

15 U.S.C. § 1125[] .......... 15

15 U.S.C. § 1125(a)(1) .......... 16

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

15 U.S.C. § 1127 .......... 12

35 U.S.C. 271 .......... 27

35 U.S.C ¶ 284 .......... 27

35 U.S.C. § 1 *et seq.* .......... 7

*35 U.S.C. § 271* .......... 10

35 U.S.C. § 283 .......... 19

Lanham Act .......... *passim*

Patent Act .......... 10, 19, 20, 22

Fed. R. Civ. P. 55(a) .......... 7, 18

Fed. R. Civ. P. 55(b)(1) .......... 8

Fed. R. Civ. P. 55(b)(1) and (2) .......... 8

Fed. R. Civ. P. 55(b)(2) .......... 7, 8, 9

Fed. R. Civ. P. 6 and 12 .......... 7

Local Rule 55-1 .......... 8

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

Beauty Works OC LLC; Newport Peaches Inc.; Snezhana Kurkina; and Does 1-10, inclusive (collectively, "Beauty Works") sell services using counterfeit versions of BTL Industries, Inc.'s ("BTL") patent-protected EMSCULPT NEO® device. In promoting and providing these services, Beauty Works infringes BTL's trademarks and patent. Depicted below is a side-by-side comparison of BTL's authentic EMSCULPT NEO® device and Beauty Works' counterfeit device:

| **BTL's EMSCULPT NEO® Device** | **Beauty Works' Counterfeit Device** |
| --- | --- |
|   |   FAC at Ex. 6 |

On April 14, 2023, BTL filed a Complaint alleging trademark and patent infringement, and unfair competition. Dkt. No. 1; *see also* Ex. 1. Even after service of the Complaint, Beauty Works continued to promote and provide services using its counterfeit devices. Even today, Beauty Works promotes services on its website using the EMSCULPT NEO® trademark. *See* Ex. 2

BTL obtained a default against the Beauty Works defendants on June 28 and

30, 2023. Dkt. Nos. 32, 33, and 36. BTL seeks entry of a default judgment, including monetary damages in the amount of $375,000 and a permanent injunction prohibiting future infringement.

## I. Factual and Procedural Background

### *A. BTL is a pioneer in the aesthetics industry.*

BTL has invented, developed, and patented medical equipment and treatments for non-invasive body contouring. FAC ¶ 14. BTL and its affiliates were the first to apply high-intensity, focused electromagnetic technology to non-invasive aesthetic body-contouring. FAC ¶ 14. BTL incorporated its proprietary technology in several devices cleared by the U.S. Food and Drug Administration ("FDA") and developed protocols for using the technology for aesthetic therapies. FAC ¶ 18. BTL and its affiliates protect their innovative devices and therapeutic protocols with numerous trademarks and patents. Wooden Decl. ¶ 4.

BTL's EMSCULPT NEO® device uses high-intensity electromagnetic energy to induce powerful muscle contractions—unachievable through typical voluntary contractions—to contour an individual's physique. FAC ¶ 18. The EMSCULPT NEO® device is FDA-cleared as a non-invasive treatment for the abdomen, buttocks, arms, calves, and thighs. Wooden Decl. ¶ 5. BTL markets its EMSCULPT NEO® device to healthcare professionals and licenses them to provide treatment services using the device. FAC ¶ 18. A representative picture appears below.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750




The EMSCULPT NEO® device has been a breakthrough development in the aesthetics industry, receiving plaudits from some of the industry's largest companies. FAC ¶ 19. For example, the EMSCULPT NEO® device won Dermascope.com's Aesthetician's Choice Award in 2022, and *Glamour* magazine described the device as "revolutionary." FAC ¶ 19. BTL's EMSCULPT NEO® product has been a tremendous commercial success. Wooden Decl. ¶ 6.

The EMSCULPT NEO® device is protected by U.S. Patent No. 10,478,634 ("the '634 patent"), directed to a novel device that uses time-varying magnetic fields to tone a patient's muscles. Ex. 3; FAC ¶ 20. BTL is the exclusive licensee of and has all substantial rights in the '634 patent, including the sole right to enforce the '634 patent. FAC ¶ 20.

BTL is also the exclusive licensee of several trademarks associated with the EMSCULPT NEO® device, including the federally registered EMSCULPT®, EMSCULPT NEO®, HIFEM®, and other BTL trademarks (collectively, the "BTL Trademarks"). FAC ¶¶ 21-23. The BTL Trademarks perform an important source-identifying function for BTL's EMSCULPT NEO® device—signifying to purchasers the source, quality, and reputation of the device; the fact that the device is FDA-cleared; and that the services are rendered via an authentic BTL device administered by BTL-trained and -authorized service providers. FAC ¶ 23. The market reputation and consumer goodwill associated with the BTL Trademarks are of significant value.

FAC ¶ 23.

***B. Beauty Works uses counterfeit versions of BTL's products to advertise services by improperly using BTL's trademarks.***

In December 2021, BTL learned that Beauty Works—without BTL's permission—was promoting body-contouring services using purported EMSCULPT NEO® devices on its website and social-media pages. FAC ¶ 25.

Further investigation revealed that Beauty Works published numerous Instagram posts—since removed—advertising body-contouring services using what it claimed to be EMSCULPT NEO® devices, captioned with terms like "EMS sculpting" and "Em sculpt NEO." Ex. 6 to FAC (Dkt. No. 7-6). For example, as shown below, Beauty Works advertised its services with a device that looks like BTL's EMSCULPT NEO® device, containing the EMSCULPT NEO® mark.

Ex. 6 to FAC (Dkt. No. 7-6).





PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

Beauty Works also used BTL's Trademarks to advertise its services. FAC ¶¶ 27-28. For example, as shown below, Beauty Works marketed services using its counterfeit devices with the EMSCULPT NEO® trademark.




Ex. 6 to FAC (Dkt. No. 7-6).

Beauty Works's advertising also included results from BTL's clinical studies demonstrating the EMSCULPT NEO® devices' effectiveness in reducing subcutaneous fat. In one advertisement on its webpage, Beauty Works proffered the question: "Does it really work?" and answered: "Yes! It has been clinically tested for safety and efficacy. Clinical Studies showed on average a 30% reduction in subcutaneous fat." Ex. 2. Beauty Works' answer comes from BTL's published clinical study, "Study of Electro Magnetic Muscle Stimulation in Body Sculpting." Ex. 4.

The purported EMSULPT NEO® devices that Beauty Works use to advertise EMSCULPT NEO® services to consumers with the BTL Trademarks are

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

counterfeits. BTL has never sold or licensed an EMSCULPT NEO® device to Beauty Works.

In December 2021, BTL contacted Beauty Works regarding the nature of Beauty Works' counterfeit devices and demanded that Beauty Works cease marketing and providing body-contouring services using counterfeit devices under the BTL Trademarks. FAC ¶ 25. Beauty Works did not respond and continued to advertise and offer services with counterfeit EMSCULPT NEO® devices using the BTL Trademarks. FAC ¶ 25.

Despite being served with the First Amended Complaint ("FAC"), Beauty Works has continued its counterfeit operation to this day. *See* Ex. 2. Beauty Works continues to advertise and promote on its counterfeit EMSCULPT NEO® devices on its website, including repeated use of BTL's Trademarks. *See id.* Potential customers can view this page by visiting Beauty Works's website and clicking on the section titled "ELECTRO MUSCULAR STIMULATION (EMSCULPT NEO)," as shown below:







*See* Ex. 2.

Ana Kurkina is the nickname of Defendant Snezhana Kurkina. FAC ¶ 25. In September 2022, Ms. Kurkina re-organized Beauty Works as Newport Peaches, Inc. to evade BTL's attorneys and continue infringing BTL's intellectual property—further demonstrating the willful and malicious intent of Defendants' infringing activities. *Id.* Newport Peaches filed its articles of incorporation with the state of California listing Snezhana Kurkina as the agent and Lovette Dobson as the incorporator. *Id.* Lovette Dobson is an alias commonly used by individuals filing multiple articles of incorporation. *Id.* Furthermore, beautyworksoc@gmail.com is listed as the contact email on https://newportpeaches.com. Ex. 6 to FAC (Dkt. No. 7-6). These facts demonstrate that Defendants willfully and maliciously infringed BTL's intellectual property.

### *C. Procedural Background*

BTL commenced this action on April 14, 2023. Dkt. No. 1. The FAC (Dkt. No. 15) alleges that Beauty Works committed multiple wrongful actions against BTL in this District relating to the advertising and use of counterfeit EMSCULPT NEO® devices to provide body-contouring services. FAC ¶¶ 23-56. The FAC sets forth four causes of action: patent infringement, 35 U.S.C. § 1 *et seq.*; trademark infringement, 15 U.S.C. § 1114; federal unfair competition, false designation of origin, and false advertising, 15 U.S.C. § 1125; and common law trademark infringement and unfair competition. FAC ¶¶ 30-56.

On June 2, 2023, BTL completed service of the FAC and summons on all Beauty Works defendants. Dkt. No. 28. Beauty Works failed to respond by the June 23, 2023, deadline under Fed. R. Civ. P. 6 and 12. On June 28 and 30, 2023, the Clerk entered default against the Beauty Works defendants, pursuant to Fed. R. Civ. P. 55(a). Dkt. Nos. 32, 33, and 36. BTL respectfully moves this Court for entry of a default judgment, including monetary and injunctive relief against Beauty Works, pursuant to Fed. R. Civ. P. 55(b)(2).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

**II. Default Judgment Standard**

Fed. R. Civ. P. 55(b)(2) provides for entry of default judgment by the Court. Pursuant to Local Rule 55-1, an application for default judgment must be accompanied by a declaration that conforms to the requirements of Fed. R. Civ. P. 55(b)(1) and/or (2) and includes the following:

(a) When and against what party the default was entered;

(b) The identification of the pleading to which default was entered;

(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 251) does not apply; and

(e) That notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

L.R. 55-1; *see also* Fed. R. Civ. P. 55(b)(1) and (2).

Whether to enter default judgment is within the sound discretion of the district court. *See Adalbe v. Adalbe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). The Ninth Circuit set forth the following factors in determining whether to grant default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (the "*Eitel* Factors").

A complaint's well-pleaded factual allegations are deemed true upon entry of default; allegations pertaining to the amount of damages must be proven. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1970) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). A plaintiff must provide evidence of his or her damages, and a court may rely only on the plaintiff's declarations submitted in lieu of a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2); *see also Garden City Boxing Club, Inc. v. Aranda*, 384 F. App'x 688, 689 (9th Cir. June 21, 2010) ("[T]he court was not required to conduct an evidentiary hearing to ascertain damages.... The record shows that no such hearing was necessary because plaintiff submitted lost profits and other evidence from the illegal broadcast to allow the district court to calculate damages within the applicable statutory limits.") (internal citation omitted).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

## III. Argument

The first procedural step described above is satisfied because the Clerk of Court entered a Certificate of Default against Beauty Works following Defendants' failure to appear by the answer date. Dkt. Nos. 32, 33, and 36. Therefore, the "factual allegations of the complaint...will be taken as true." *Televideo Systems*, 826 F.2d at 917-18. The second procedural step is satisfied because the application for default judgment was accompanied by a declaration that satisfies this Court's Local Rules.

### *A. BTL Will Be Prejudiced if Default Judgment is Not Entered.*

Under the first *Eitel* Factor, BTL will be prejudiced if the Court denies default judgment. *Eitel*, 782 F.2d at 1471. A defendant, choosing to default rather than appear and defend, is "deemed to have admitted the truth of [Plaintiff's] averments," thereby establishing that Plaintiff will "likely suffer a great prejudice" because Plaintiff "would be without other recourse for recovery." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

BTL personally served Beauty Works with the Summons and FAC. Dkt. Nos.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

26-28. Thus, Beauty Works knows of this lawsuit but elected to disregard it. Absent default, BTL would suffer great prejudice and be denied the right to judicial resolution of its claims—leaving BTL with no means to recover damages from Beauty Works. The first *Eitel* Factor favors entry of default judgment.

***B. BTL's claims are meritorious, and the FAC is sufficiently pleaded.***

Courts commonly analyze the second and third *Eitel* Factors together. *See, e.g., PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1175-76 (C.D. Cal. 2002). They require a showing that plausible facts support the claims. *Id.*

***1. There exists a valid and enforceable patent infringement claim under 35 U.S.C. § 271.***

BTL's FAC alleges infringement under the Patent Act, 35 U.S.C. § 271(a) (Claim I). Beauty Works's use of its counterfeit EMSCULPT NEO® devices infringes BTL's '634 patent. The FAC contains well-pled factual allegations supporting a finding of direct patent infringement against Beauty Works.

As alleged, BTL is the exclusive licensee of the '634 patent, with all substantial rights in the '634 patent. Wooden Decl. ¶ 10. BTL has the right to enforce the '634 patent against Beauty Works. FAC ¶ 19. *See Prima Tek II, LLC v. A Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) ("[A]n exclusive, territorial license is equivalent to an assignment and may therefore confer standing upon the licensee to sue for patent infringement") (citations omitted).

The FAC contains well-pled factual allegations supporting a finding of direct patent infringement of the '634 patent against Beauty Works for advertising, marketing, offering for sale, and selling body-contouring services performed with counterfeit EMSCULPT NEO® devices. Ex. 6 to FAC (Dkt. No. 7-6); FAC ¶¶ 24, 26, 28. Due to Beauty Works's default, these allegations are deemed admitted. Claim 1 is meritorious and sufficiently pled. The Court should enter judgment against Beauty Works for direct patent infringement.

***2. There exist valid and enforceable trademark infringement claims under 15 U.S.C. § 1114 and California common law.***

BTL's FAC asserts two trademark infringement claims under 15 U.S.C. § 1114 and California common law (Claims II and IV). This Court has held that "[i]n order to prevail on a Lanham Act ... or common law trademark infringement claim, a plaintiff must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception." *Credit One Corp. v. Credit One Financial, Inc.*, 661 F.Supp.2d 1134, 1137 (C.D. Cal. 2009).

Regarding the first element, registered trademarks are entitled to a presumption of validity. *See* 15 U.S.C. § 1057(b) ("A certificate of registration of a mark…shall be prima facie evidence of the validity of the registered mark"); *Credit One Corp.*, 661 F.Supp.2d at 1137 ("Federal registration of a trademark constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark in commerce.") (internal quotations omitted).

Here, the BTL Trademarks asserted in the FAC are federally registered. FAC ¶ 21, Ex. 5 to FAC (Dkt. No. 7-5). BTL's certificates of registration from the USPTO constitute *prima facie* evidence of validity and BTL's exclusive right to use the BTL Trademarks in commerce or in connection with the goods or services specified therein. 15 U.S.C. § 1057(b).

To evaluate the likelihood of consumer confusion, courts typically apply an eight-factor test. *Accuride Int'l Inc. v. Accuride Corp.*, 871 F.2d 1531, 1534 (9th Cir. 1989). However, "in cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination...because counterfeit marks are inherently confusing." *Phillip Morris USA Inc. v. Shalabi*, 352 F.Supp.2d 1067, 1073 (C.D. Cal. 2004); citing *Philip Morris USA Inc. v. Felizardo*, 2004 WL 1375277, 2004 U.S. Dist. LEXIS 11154, at *18 (S.D.N.Y. June 18, 2004).

BTL's FAC alleges that Beauty Works used identical reproductions of the BTL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

Trademarks in its advertisements—conduct that constitutes counterfeiting under the Lanham Act. The Lanham Act imposes civil liability on "[a]ny person who [], without the consent of the registrant[,] use[s]…any…counterfeit…of a registered mark in connection with the sale…of any good[]…." 15 U.S.C. § 1114(1)(a). The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. Courts in this Circuit have relied on the definition of "spurious" provided in *U.S. v. Petrosian,* 126 F.3d 1232, 1234 (9th Cir. 1997): "[a] "spurious" mark is a deceptive one "that is false or inauthentic." *H-D U.S.A., LLC v. Affliction Holdings, LLC,* No. 2200CV01642VAPMRWX, 2020 WL 5913850 (C.D. Cal. June 8, 2020).

BTL's FAC allege Beauty Works's counterfeit EMSCULPT NEO® devices bore BTL's EMSCULPT NEO® trademark, FAC ¶ 38, and identified an exemplary post from Beauty Works' Instagram account depicting Beauty Works' counterfeit EMSCULPT NEO® device. A side-by-side comparison of an authentic BTL EMSCULPT NEO® device (bearing BTL's EMSCULPT NEO® trademark) and Beauty Works's counterfeit EMSCULPT NEO® device (bearing the counterfeit EMSCULPT NEO® trademark) is reproduced below:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

| BTL's EMSCULPT NEO® Device and EMSCULPT NEO® Trademark | Beauty Works's Counterfeit Device bearing BTL's EMSCULPT NEO® Trademark |
|---|---|
|  |  FAC. at Ex. 6 |

BTL's FAC further alleges that Beauty Works's advertising materials used BTL's Trademarks in connection with Beauty Works's advertising of its counterfeit EMSCULPT NEO® devices. BTL's FAC identified an exemplary Beauty Works' Instagram post that used BTL's trademarks—the EMSCULPT NEO® trademark—to advertise and promote its infringing devices and services:




Ex. 6 to FAC (Dkt. No. 7-6).

Beauty Works's use of the BTL Trademarks is "spurious" because it "falsely or unauthentically" suggests an affiliation with BTL, and thus constitutes counterfeiting. *See Affliction Holdings, LLC,* at *4 (C.D. Cal. June 8, 2020).

BTL's FAC plausibly alleges that Beauty works' conduct is likely to cause confusion as to the origin of Beauty Works's counterfeit devices because counterfeit marks "are inherently confusing." *Phillip Morris USA Inc.*, at 1073 (C.D. Cal. 2004). BTL's trademark infringement claims are meritorious and sufficiently pleaded.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

***3. There exist valid and enforceable federal unfair competition, false designation of origin claims under 15 U.S.C. § 1125, and common law unfair competition.***

BTL's FAC alleges claims for federal unfair competition, false designation or origin, and false advertising under 15 U.S.C. § 1125 (Claim III), and common law unfair competition (Claim IV). "[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F.Supp.3d 755, 768 (C.D. Cal. 2015) (citing *Hokto Kinko Co. v. Concord Farms, Inc.*, 810 F.Supp.2d 1013, 1031 (C.D. Cal. 2011) (citing *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979))). "Further, '[t]he tests for infringement of a federally registered mark..., infringement of a common law trademark, unfair competition under...15 U.S.C. § 1125[], and common law unfair competition involving trademarks are the same.'" *Spy Optic, Inc.*, F.Supp.3d at 768 (citing *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F.Supp.2d 890, 897 (C.D. Cal. 2014) (citing *Grey v. Campbell Soup Co.*, 650 F.Supp. 1166, 1173 (C.D. Cal. 1986). "Also, '[a] claim for false designation or origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114.'" *Spy Optic, Inc.*, F.Supp.3d at 768 (citing *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 164 F.3d 1036, 1046 n. 6 (9th Cir. 1999). "Finally, 'the Ninth Circuit "has consistently held that state common law claims of unfair competition...are substantially congruent to claims made under the Lanham Act."'" *Spy Optic, Inc.*, F.Supp.3d at 768 (citing *Kythera Biopharmaceuticals, Inc.*, 998 F.Supp.2d at 897 (quoting *Clearly v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994))).

Therefore, since there exist valid and enforceable trademark infringement claims under 15 U.S.C. § 1125 and California common law, *supra* Section 2, there exist valid and enforceable federal unfair competition, false designation or origin, and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

common law unfair competition claims.

***4. There exists a valid and enforceable false advertising claim under the Lanham Act.***

BTL's FAC alleges false advertising under 15 U.S.C. § 1125(a)(1) (Claim III). Sufficient pleading requires a demonstration that "'(1) in its...advertisements, defendant made false statements of fact about its own product; (2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; (3) such deception is material, in that it is likely to influence the purchasing decision; (4) defendant caused its falsely advertised goods to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public.'" *In re Century 21-RE/MAX Real Estate Advertising Claims Litigation*, 882 F.Supp. 915, 922 (C.D. Cal. 1994) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service*, 911 F.2d 242, 244 (9th Cir. 1990)).

**Falsity and Deception:** BTL has established that Beauty Works' advertisements are literally false because they use the BTL Trademarks to suggest that Beauty Works provides body-contouring services with an authentic BTL device when in fact they use a counterfeit product. ("To establish elements one and two, a plaintiff can show...that the challenged advertisement is 'literally false.'"). *In re Century*, 882 F.Supp. at 922 (citing *Johnson and Johnson * Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham*, 960 F.2d 294, 297 (2nd Cir. 1995).

**Materiality**: "The standards by which the Court must judge materiality are not well-settled." *In re Century*, 882 F.Supp. at 923. In order "[t]o support a claim under the Lanham Act, the plaintiff must show the deception 'is material, in that it is likely to influence the purchasing decision.'" *Id.* (quoting *Cooks, Perkiss and Liehe, Inc.*, 911 F.2d at 244). Here, Beauty Works' advertisements contain the BTL Trademarks, suggesting an affiliation with BTL. FAC. ¶¶ 27-28, 38. And by Beauty Works

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

aligning itself with BTL's reputation for producing safe, FDA-cleared body-contouring devices, consumers are more likely to purchase Beauty Works' services.

**Placement in Interstate Commerce:** BTL alleges that Beauty Works uses the BTL Trademarks and name in interstate commerce on its website and social media pages. *See e.g.*, FAC ¶ 25, 27; Ex. 6 to FAC (Dkt. No. 7-6) ("It has come to BTL's attention that your business, Beauty Works, is similarly promoting body-contouring aesthetic procedures, at least on social media...."); *TrafficSchool.com, Inc. v. Edriver, Inc.*, 633 F.Supp.2d 1063, 1074 (C.D. Cal. 2008) ("[B]y placing their website content on the world-wide-web, Defendants placed their statement in interstate commerce....").

**Likelihood of Injury**: Beauty Works's use of the BTL Trademarks for counterfeit devices has injured and will continue to irreparably harm BTL's business and goodwill associated with its brand, as well as BTL's reputation for providing high-quality and safe body-contouring aesthetic devices, which are subject to strict quality control standards. FAC ¶ 38, 42-44.

BTL has pled a valid and enforceable false advertising claim under the Lanham Act.

***C. The amount of money at stake.***

Under the fourth *Eitel* Factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Cal. Security Cans*, 238 F.Supp.2d 1172, 1176-77. BTL seeks [redacted] [redacted], as well as treble damages. Wooden Decl. ¶ 9. This figure represents the average sales price of one EMSCULPT NEO® device minus BTL's costs. *Id*.

***D. Possible dispute concerning material facts.***

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc.*, 826 F.2d at 917-18. BTL alleges that the FAC is sufficiently pleaded, all claims are





PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

meritorious, and the Defendants defaulted by not responding. There is "no genuine dispute of material facts [that] would preclude granting [BTL's] motion." *Cal. Security Cans*, 238 F.Supp.2d at 1177.

***E. Whether default was due to excusable neglect.***

BTL is not aware of any evidence of excusable neglect. In fact, the string of un-responded-to communications from Beauty Works and their actions—namely, attempting to evade detection by re-organizing to Newport Peaches, Inc.—demonstrate that Beauty Works was aware of this lawsuit and consciously chose to ignore it.

***F. Policy for deciding on the merits.***

Beauty Works's failure to answer BTL's FAC makes a decision on the merits impractical, if not impossible. "Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id.* "Thus, 'the preference to decide cases on the merits does not preclude a court from granting default judgment.'" *Id.* (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 THE, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)). A decision on the merits here is not precluded and should be entered.

**IV. BTL is entitled to injunctive and monetary relief.**

Having demonstrated Beauty Works's liability for patent infringement, trademark infringement, false advertising, and deceptive and unfair trade practices, as alleged in the FAC, BTL is entitled to remedies in the form of monetary recovery and a permanent injunction. "Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *Cal. Security Cans*, 238 F.Supp.2d at 1175 (citing *TeleVideo Systems, Inc.*, 826 F.2d at 917-918).

"While a hearing on damages is generally required, a hearing on the issue of damages is not required as long as the Court finds there is a basis for the damages specified." *United Specialty Ins. Co. v. Boulis*, No. EDCV161291JGBMRWX, 2017

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

WL 11636159 (C.D. Cal. May 12, 2017) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "[J]udgment by default may not be entered without a hearing on damages unless...the amount claimed is...capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Boulis*, 2017 WL 11636159 at *7 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Because BTL provides a sufficient basis for the damages it seeks, a hearing is unnecessary.

***A. BTL is entitled to injunctive relief.***

BTL respectfully requests that the Court permanently enjoin Beauty Works as well as its officers, agents, employees, and all persons acting in concert with Beauty Works from any further infringement of the BTL trademarks and patent. Such relief is appropriate in the context of trademark infringement, *see* 15 U.S.C. § 1116(a); and patent infringement, *see* 35 U.S.C. § 283.

The Supreme Court in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), (which itself was a case under the Patent Act) articulated a four-factor test that a party must satisfy in order to obtain a permanent injunction. Under the *eBay* test, a plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." 547 U.S. at 391.

**1. BTL has suffered irreparable injury.**

BTL has established significant goodwill and a reputation as a market leader in the aesthetics industry. When Beauty Works offers body-contouring services with a counterfeit device in conjunction with the BTL Trademarks, this suggests to consumers an affiliation between Beauty Works and BTL. This causes BTL to lose control of its reputation, an irreparable injury. *See Rent-A-Center, Inc. v. Canyon*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

*Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("intangible injuries, such as damage to...goodwill qualify as irreparable harm."); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010) (quoting *eBay*, 547 U.S. at 391) ("Past harm to a patentee's brand recognition is relevant for determining whether the patentee '*has suffered* an irreparable injury.'"). The irreparable harm caused by Beauty Works mere presence in the market is compounded by the fact that Beauty Works sells services with a counterfeit device, which is not FDA-cleared, tarnishing BTL's reputation as a company who only sells high quality, patent-protected devices that comply with FDA regulations. *Celsis in Vitro, Inc. v. Cellzdirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("[D]amage to reputation…[is] a[] valid ground[] for finding irreparable harm."). Continued infringement of BTL's intellectual property will only further taint the reputation that BTL has worked to obtain.

Moreover, under the Lanham Act, a plaintiff who establishes a defendant's mark is counterfeit is entitled to a "rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction." 15 U.S.C. § 1116 (a); *see also AK Futures LLC v. Boyd St. Distro, LLC*, 35 F.4th 682, 694 (9th Cir. 2022) (" By statute, [plaintiff] is entitled to a rebuttable presumption of irreparable harm on its [counterfeit] claim because the company has shown it will likely succeed on the merits.") (citing 15 U.S.C. § 1116(a)). By proving that Beauty Works uses identical reproductions of the BTL Trademarks, which establishes counterfeiting under the Lanham Act, *see supra* at 12-17, BTL is entitled to a presumption of irreparable harm.

Beauty Works's counterfeit devices also compete with BTL's EMSCULPT NEO® devices—the leading body-contouring devices on the market—interfering with BTL's statutory right to exclude its competitors from using, disseminating, and profiting from its technology under the Patent Act. Beauty Works's unlawful conduct has and will continue to cause BTL to lose valuable market share. *See Presidio*

*Components, Inc. v. Am. Technical Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market [as the patentee] is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude.").

**2. There is no adequate remedy at law.**

Monetary damages alone cannot compensate BTL for the harm it has suffered because of Beauty Works's unlawful conduct. First, "[h]arm resulting from lost profits and lost customer goodwill is irreparable because it is neither easily calculable, nor easily compensable and therefore is an appropriate basis for injunctive relief." *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F.Supp.2d 1058, 1066 (N.D. Cal. 2000). Moreover, Beauty Works cuts into into BTL's market share by using a competing product. *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013) ("Where two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions.").

BTL also has no adequate remedy at law so long as Beauty Works continues to provide its counterfeit body-contouring services. As described *supra* 8-10, Beauty Works continues to infringe BTL's intellectual property by advertising body-contouring services with counterfeit devices using the BTL Trademarks. Further, Beauty Works's default also indicates that it has no intention of ceasing its infringing activities. *See also Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1103 (N.D. Cal. 2003) (granting permanent injunction as part of default judgment in copyright infringement action in part because "defendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease"). An award of monetary damages alone will not cure the injury to BTL if Beauty Works' infringing actions continue.

**3. The balance of hardships favors BTL.**

BTL faces hardship from loss of sales and an inability to control its reputation

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

in the marketplace. FAC ¶ 57. If BTL's request for a permanent injunction is not granted, other parties will likely be encouraged to enter into the market with additional infringing products, further depriving BTL of sales of its EMSCULPT NEO® device. *See e.g.*, *Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1172 (Fed. Cir. 2014) (where defendant was a "non-licensed competitor," the balance of hardships favored the patentee because defendant's presence in the market "suggest[ed] that [the] patent will have significantly less value if [plaintiff] cannot use it to exclude an infringing product"). By contrast, Beauty Works only faces the hardship of having to comply with the Patent and Lanham Acts. An injunction will proscribe only Beauty Works' infringing activities. *Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829-30 (9th Cir. 1997).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

**4. The public interest would be served by a permanent injunction.**

Finally, the public interest supports the issuance of a permanent injunction against Beauty Works. First, there is a public interest in protecting BTL's intellectual property rights. *Douglas Dynamics, LLC*, 717 F.3d at 1346 ("[T]he public has a greater interest in acquiring new technology through the protections provided by the Patent Act than it has in buying 'cheaper knock-offs.'"). Second, Beauty Works'the counterfeit devices are not FDA-cleared, are of unknown origin, and may cause customers bodily injury. Ex. 6 to FAC (Dkt. No. 7-6). In a similar circumstance, the District Court for the Northern District of California granted injunctive relief when a counterfeit device posed the risk of physical harm. *See Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 5199434 (N.D. Cal. Aug. 17, 2020).

The Court should enter a permanent injunction restraining further infringement of the BTL Trademarks and '634 patent.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

***B. BTL is entitled to actual damages under the Lanham Act with such damages trebled for Beauty Works's willful use of a counterfeit mark.***

Considering Beauty Works's default, and the deliberate and willful nature of its infringing actions, BTL submits that an appropriate measure of damages for Beauty Works's unlawful actions under the Lanham Act is an award of $125,000 in actual damages under 15 U.S.C. § 1117(a). BTL further requests the Court treble BTL's actual damages to $375,000 under 15 U.S.C. § 1117(b) because Beauty Works knowingly and continuously has used BTL marks in the sale and advertisement of body-contouring services.

The Lanham Act provides for the recovery of: "(1) [the] defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." *See* 15 U.S.C. § 1117(a).

In the default judgment context, courts have applied a relaxed standard of proof when calculating actual damages under the Lanham Act because the defendant's failure to appear or otherwise not cooperate in the litigation makes estimating a precise damages figure next to impossible. *See, e.g.*, *Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 663 (S.D. Cal. 1997) (holding that—in a default context—"doubts about the actual assessment of damages will be resolved against the party who frustrates proof of such, and the factfinder may calculate damages at the highest reasonably ascertainable value.... Courts may grant a damages award that is reasonable, even if imprecise").

Given Beauty Works's failure to appear, BTL cannot establish the total amount of Beauty Works' profits from its infringing, unlawful activities. BTL has established that Beauty Works has advertised and sold its services with a counterfeit EMSCULPT NEO® device, using registered BTL Trademarks, and continues to do so to this day. FAC ¶ 38; Ex. 2 to FAC (Dkt. No. 7-2). Beauty Works has acted in bad faith by its unauthorized, intentional, willful, and malicious use of the BTL Trademarks to promote, market, offer for sale, and sell Beauty Works's services. FAC ¶¶ 38, 53.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

Such unlawful conduct should be punished.

BTL should be entitled to recover all elements of injury to its business sustained because of Beauty Works's willful, malicious, and deceptive conduct. *See* 15 U.S.C. § 1117(b). Because BTL is not privy to an accounting from Beauty Works regarding its revenue and profits, BTL requests that the Court grant actual damages in the form of BTL's [redacted] Wooden Decl. ¶ 9. This figure represents the average sales price of one EMSCULPT NEO® device minus BTL's costs. *Id*. Beauty Works has reaped the benefit of owning a purported EMSCULPT NEO® device without purchasing a genuine device from BTL, and BTL is entitled to be compensated for the profits of the machine that Beauty Works would have bought to provide body-contouring services using the BTL Trademarks. *See BTL Indus., Inc. v. Techno Esthetics Inc.*, No. 21-61758-CIV-DIMITROULEAS, 2022 WL 1441990 (S.D. Fla. May 6, 2022) (granting BTL actual damages in the form of the sale price of one device for defendant's willful trademark infringement).

Further, BTL requests that the Court find that Beauty Works' infringing activities were willful and malicious and, for that reason, treble the amount of damages. Section 1117(b) of the Lanham Act provides "the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee, if the violation consists of…intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark" in violation of section 1117(a).

Beauty Works held out counterfeit devices as genuine EMSCULPT NEO® devices with full awareness that it was using BTL's registered marks to promote and advertise its body-contouring services. FAC ¶¶ 24-29. Beauty Works has known of BTL's ownership of the BTL trademarks and patent since December 2021 when BTL reached out to Beauty Works to demand that it cease marketing and offering body-contouring services with its counterfeit device, and at least since it was served with

the Complaint and FAC. Yet, despite this knowledge, Beauty Works continues to infringe BTL's intellectual property. *See* Ex. 2 to FAC (Dkt. No. 7-2) (Beauty Works's website showing infringing advertisements). By virtue of Beauty Works's default and BTL's well-plead allegations in the Complaint, BTL has established Beauty Works knowingly sold body-contouring services using counterfeit EMSCULPT NEO® devices. FAC ¶ 25. Accordingly, this Court should award treble damages, as there are no extenuating circumstances counseling otherwise. 15 U.S.C. § 1117(b) (mandating treble damages for use of a counterfeit mark absent a finding of extenuating circumstances). BTL is therefore entitled to $375,000, three times the amount of actual damages that it has sustained. Wooden Decl. ¶ 9.

### *C. BTL is entitled to an award of lost profits as compensation for Beauty Works's patent infringement.*

A patentee is entitled to lost profit damages if it can establish: "(1) a demand for the patented product, (2) absence of acceptable non-infringing substitutes, (3) the manufacturing and marketing capability to exploit demand, and (4) the amount of profit the patentee would have made but for the infringement." *Scripto-Tokai Corp. v. Gillette Co.*, 788 F.Supp. 439, 444 (C.D. Cal. 1992) (quoting *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978)). Each of these factors is met here, and BTL requests the Court enter an award of [redacted] [redacted] for Beauty Works's patent infringement.

**Market Demand:** BTL markets and distributes its non-invasive aesthetic body-contouring EMSCULPT NEO® devices to healthcare professionals and licenses these healthcare professionals to provide associated treatment services administered via authentic EMSCULPT NEO® devices. FAC ¶ 18. There is an ongoing market demand for the EMSCULPT NEO® devices as evidenced by BTL's recent sales, totaling 1,800 devices since October 2020. Wooden Decl. ¶ 6.

**Absence of Acceptable Non-Infringing Alternatives:** The EMSCULPT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

NEO® device is now the *only* non-invasive body-contouring device that provides fat elimination and muscle building by combining radio frequency heating and high-intensity focused electromagnetic waves into a single therapy and is also FDA-cleared. Wooden Decl. ¶ 6. The EMSCULPT NEO® device's quality relative to other products on the market is demonstrated by the beauty industry's praise: *Glamour* magazine went as far as describing the EMSCULPT NEO® device as a "revolutionary body-sculpting technology." FAC ¶ 19. The EMSCULPT NEO® device also won Dermascope.com's 2022 Aesthetician's Choice Award. FAC ¶ 19.

**Manufacturing:** BTL has ample capacity to meet market demand. BTL currently services 2,000 customers and has the ability to service many more. Wooden Decl. ¶ 8.

**Amount of Profit:** BTL would have sold at least one more EMSCULPT NEO® device had Beauty Works not purchased a counterfeit product. As established above, there are no available non-infringing alternatives to the EMSCULPT NEO® device. Wooden Decl. ¶ 6. Beauty Works would have had no other option but to purchase BTL's EMSCULPT NEO® device if it wanted to provide as high-quality body contouring services. Beauty Works instead elected to use counterfeit products with the distinctive BTL Trademarks, leading customers to believe that Beauty Works was offering authentic EMSCULPT NEO® services. FAC ¶ 38. Beauty Works did so because it knew that its customers would believe their products and associated services were authentic EMSCULPT NEO® devices and services—and it knew that is what its customers preferred. But-for the fact that Beauty Works purchased a counterfeit product, BTL would have sold an EMSCULPT NEO® device. *See Avus Holdings, LLC v. Iron Lab*, No. 6:22-CV-00134-ADA, 2022 WL 4099748, at *6 (W.D. Tex. Sept. 7, 2022) ("[B]ecause Defendant used the [Plaintiff's] Trademarks, it is reasonable to find that Plaintiffs would have made the infringing sales but-for the [D]efendant's presence in the marketplace").

[redacted]. Furthermore, as alleged in the Complaint, Defendants continued to offer its patent infringing services "with knowledge that such conduct violates 35 U.S.C. 271." FAC ¶ 35. BTL is therefore alternatively entitled to $375,000 for Defendants' patent willful and malicious patent infringement, three times the amount of actual damages that BTL has sustained. Wooden Decl. ¶ 9; 35 U.S.C ¶ 284 (authorizing treble damages for willful patent infringement).

## V. Conclusion

Beauty Works's willful, deliberate, and malicious conduct should be permanently enjoined, and BTL should be awarded actual and statutory damages in the amount of $375,000, which is the sum of $125,000 trebled for their willful and malicious infringement of BTL's trademark or, alternatively, patent rights, as well as injunctive relief to put a stop to such unlawful activities. Accordingly, BTL respectfully requests that the Court grant this Motion and enter judgment by default against Beauty Works for the relief sought therein.

DATED: August 23, 2023

*Randy R. Haj*

Randy R. Haj, Bar No. 288913
**PAYNE & FEARS LLP**

- and –

Seth R. Ogden (*pro hac vice*)
**PATTERSON INTELLECTUAL PROPERTY LAW, P.C.**

Attorneys for Plaintiff
BTL Industries, Inc.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

**WORD COUNT CERTIFICATION**

The undersigned, counsel of record for Plaintiff BTL Industries Inc., certifies that this brief contains 6,903 words which complies with the word limit of L.R. 11-6.1.

DATED: August 23, 2023

*Randy R. Haj*
Randy R. Haj, Bar No. 288913
**PAYNE & FEARS LLP**

- and –

Seth R. Ogden (*pro hac vice*)
**PATTERSON INTELLECTUAL PROPERTY LAW, P.C.**

Attorneys for Plaintiff
BTL Industries, Inc.

4872-7706-9946.2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 200 N. Pacific Coast Highway, Suite 825, El Segundo, CA 90245.

On August 23, 2023, I served true copies of the following document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BTL INDUSTRIES, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST BEAUTY WORKS OC LLC; NEWPORT PEACHES INC.; SNEZHANA KURKINA; AND DOES 1-10, INCLUSIVE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 23, 2023, at El Segundo, California.

/s/ *Diana Villegas*
Diana Villegas

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

**SERVICE LIST**

Beauty Works
Legalinc Registered Agents, Inc.,
Registered Agent
4 Embarcadero Ctr., Suite 1400 #85
San Francisco, CA 94111

Newport Peaches
28281 Crown Valley Pkwy, Suite 250
Laguna Niguel, CA 92677

Snezhana Kurkina
28281 Crown Valley Pkwy, Suite 250
Laguna Niguel, CA 92677